UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Stankiewicz International Corporation, | ) | C/A No.: 7:07-cv-00091-GRA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| MSI, Inc. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Stankiewicz International Corporation, filed a Motion to Seal on September 27, 2007, pursuant to Local Court Rule 5.03. On October 26, 2007, the parties filed a Consent Notice of Withdrawal of Plaintiff's Motion to Seal. Instead of sealing all documents listed in Exhibit A of the original motion, Plaintiff and Defendant now consent to sealing two documents filed with Plaintiff's Brief in Support of its Motion for Summary Judgment, labeled as Exhibits "F" and "X."

The Fourth Circuit Court of Appeals has established the factors that govern the Court's sealing of documents.

> The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests. The Supreme Court has suggested that the factors to be weighed in the balancing test include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public already has access to the information contained in the records.

*In Re The Knight Publishing Company d/b/a The Charlotte Observer*, 747 F.2d 231 (4th Cir. 1984) (citing *Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978)).

After reviewing these factors ,and the requirements of Local Court Rule 5.03, the Court finds that sealing of the documents, labeled as Exhibits "F" and "X" in Plaintiff's Brief in Support of its Motion for Summary Judgment, is necessary to prevent the disclosure of confidential proprietary information to the public; that no less drastic alternative to sealing these documents exists; and that the interests of the parties in preventing the disclosure of confidential proprietary information contained in these documents overrides the competing interest of the public's right of access.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Seal is GRANTED as to Exhibits "F" and "X."

As to the remainder of Plaintiff's Motion to Seal, the Motion is DISMISSED as moot.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

November 2, 2007
Anderson, South Carolina